# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-51023
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 20, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROQUE ARIAS-DE JESUS, also known as Juan Mendoza-De Jesus, also known as Arius A. Roque, also known as Luis De Jesus, also known as Roque Arius, also known as Juan A. Mendoza-De Jesus, also known as Roque Arias-Dejesus, also known as Roque Dejesus-Arias,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CR-330-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Roque Arias-De Jesus appeals the 54-month within-guidelines sentence imposed following his guilty plea conviction for illegal reentry. He argues that his sentence violates due process because it exceeds the two-year statutory maximum sentence of 8 U.S.C. § 1326(a). He concedes that the issue whether

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-51023

his eligibility for a sentencing enhancement under § 1326(b) must be alleged in the indictment and proved to a jury is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). However, he seeks to preserve the issue for possible Supreme Court review because, he argues, subsequent Supreme Court decisions indicate that the Court may reconsider this issue.

The Supreme Court in *Almendarez-Torres* held that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt. *Id.* at 239-47. This court has held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). Thus, Arias-De Jesus's argument is foreclosed.

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.